UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BILLY RANSOM, MICHAEL JOSEPH HAYES, MARK HAAF, DANIEL BRIAN BENSON, LEROY BLEDSOE, DAVID A. RIECK, HERMAN PEARSON, JEREMY PEARSON, CLINTON PEARSON, TIMOTHY RETHWISCH, DAVID PRESTOLT, ROGER ENGLAND, ROBERT REFFER, CHARLES L. DRAPER, DANIEL WINTER, MARK JURGENSEN, CLAYTON ELLIS, PAUL SKAGTER, JOHN KEM RICHARD STONE, DANIEL BESS and LEE VAN BOVEN,

    Plaintiffs,

v.

VFS, INC., WARREN AMUNDSON and DONNA M. WALRAVEN,

    Defendants.

Court File No. _____
(Jury Trial Demanded)

---

## COMPLAINT

The above named plaintiffs, for their Complaint against the Defendants, state and allege as follows:

### THE PARTIES

1. Plaintiff Billy Ransom resides at 324 W. Main Street, Alden, MN 56009.

2. Plaintiff Michael Joseph Hayes resides at 21509 700th Avenue, Alden, MN 56009.

3. Plaintiff Mark Haaf resides at 801 West 12th Avenue N., Clear Lake, IA 50428.

4. Plaintiff Daniel Benson resides at 145 360th Street, Joice, IA 50446.

5. Plaintiff Leroy Bledsoe resides at 1420 W Clark Street, Albert Lea, MN 56007.

6. Plaintiff David Rieck resides at 1079 Indigo Avenue, Rudd, IA 50471.

7. Plaintiff Herman Pearson resides at 616 Hillside Drive NW, Watertown, MN 55388.

1



8. Plaintiff Jeremy Pearson resides at 19273 730th Avenue, Dassel, MN 55325.

9. Plaintiff Clinton Pearson resides at 25684 595th Avenue, Gibbon, MN 55335.

10. Plaintiff Timothy Rethwisch resides at 1702 Dry Ridge Drive, Lansing, IA 52151.

11. Plaintiff David Prestolt resides at 214 East Main Street, Twin Lakes, MN 56089.

12. Plaintiff Roger England resides at 1221 North 13th Street, Esterville, IA 51334.

13. Plaintiff Robert Reffer resides at 531 West Thomas Street, Booneville, AR 72927.

14. Plaintiff Charles Draper resides at P.O. Box 224 Canton, IL 61520.

15. Plaintiff Daniel Winter resides at 52103 320th Street NW, Blooming Prairie, MN 55917.

16. Plaintiff Clayton Hayes Ellis resides at 106 Second Street SW, Austin, MN 55912.

17. Plaintiff Paul Skagter resides at 609 Albert Lea Street, Albert Lea, MN 56007.

18. Plaintiff Mark Jurgensen resides at 401 East Main Street, Lake Mills, IA 50450.

19. Plaintiff Daniel Bess resides at P.O. Box 291 Waltham, MN 55982.

20. Plaintiff Lee Van Boven resides at 5224 190th Avenue NE, St. Charles, MN 55972.

21. Plaintiff John Kem resides at 20036 North US Highway 24, Canton, IL 61520.

22. Plaintiff Richard Stone resides at 4303 Grandview Avenue, Muscatine, IA 52761.

23. Defendant VFS, Inc. is a Minnesota corporation with its place of business at 2309 Consul Street, Albert Lea, MN 56007. Defendant VFS, Inc. is motor carrier operating in interstate commerce operating under the name "VFS Transportation, Inc." registered under Federal Motor Carrier Safety Administration docket no. MC-253486. Defendant VFS, Inc. also operates a transportation broker under the name "VFS Brokerage" and is registered with the Federal Motor Carrier Safety Administration as a transportation broker under docket no. 253791.

24. Defendant Warren Amundson is the chief executive officer and owner of VFS, Inc. and resides in Albert Lea, Minnesota.

25. Defendant Donna M. Walraven is the bookkeeper for Defendant VFS, Inc. and a resident of Albert Lea, Minnesota.

## JURISDICTION AND VENUE

26. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. The causes of action alleged in this complaint arise under the laws of the United States regulating the activities of motor carriers transporting property in interstate commerce, including 49 U.S.C. §§ 13501, 14102 and 14704(a)(1) and (2), and 49 C.F.R. § 376.1 et seq.

27. Venue is based upon 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims raised herein occurred in this district and Defendants are residents of this district within the meaning of 28 U.S.C. §1391(c) because they are subject to personal jurisdiction at the time this action was commenced.

## FACTS COMMON TO ALL COUNTS

28. At all time material, each Plaintiff was an "owner" of a commercial vehicle within the meaning of 49 C.F.R. § 376.2(d) and a "lessor" within the meaning of 49 C.F.R. § 376.2(f).

29. Defendant VFS, Inc. is a motor carrier within the meaning of 49 U.S.C. §13102 (12).

30. 49 C.F.R. § 376.12 mandates that leases between motor carriers such as Defendant VFS Inc and truck owners such as the Plaintiffs contain specific terms and that regulated motor carriers such as Defendant VFS, Inc. adhere to those terms.

31. Each Plaintiff entered into separate leases with Defendant VFS, Inc. similar in form to that attached hereto as Exhibit "A." Each lease was subject to the Federal Motor Carrier Safety

Administration's Truth In Leasing regulations set forth at 49 C.F.R. §§ 376.11 and 376.12. Under their respective leases, Plaintiffs agreed, <u>inter alia</u>, to lease motor vehicle equipment to the Defendants VFS, Inc. in return for compensation.

32. Plaintiffs transported property in interstate commerce for Defendants VFS, Inc.

### COUNT ONE - STATUTORY CLAIM UNDER 49 U.S.C. § 14704(a)(1)

33. Pursuant to 49 U.S.C. § 14704(a)(2) a carrier providing transportation or service subject to jurisdiction under 49 U.S.C. §13501 et seq. is liable for damages sustained by a person for violations of 49 U.S.C. §13101 et seq. and of regulations promulgated pursuant to 49 U.S.C. §14102.

34. In Count One Plaintiffs seeks damages caused by Defendant VFS, Inc.'s violations of lease and interchange regulations, 49 C.F.R. §§376.11 and 376.12. Plaintiffs also seek injunctive relief directing Defendant VFS, Inc. to comply with 49 C.F.R. §§ 376.11 and 376.12.

35. 49 C.F.R. Part 376 governed the content of the lease arrangement between Plaintiffs and Defendant VFS, Inc.

36. At all times material 49 C.F.R. § 376.12 provided as follows:

> (d) Compensation to be specified-- The amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease....

37. Defendant VFS, Inc. agreed to pay each Plaintiff seventy-four percent (74%) of the linehaul (door-to-door) charges, and one hundred per cent (100%) of fuel surcharges charged by Defendant VFS, Inc. to its customers on shipments transported by each Plaintiff. VFS, Inc. failed to comply with 49 C.F.R. § 376.12(d) by clearly stating the compensation to be paid to the Plaintiffs and by failing to pay to each Plaintiff the compensation that it agreed to pay.

38. At all times material 49 C.F.R. § 376.12 provided, in part, as follows:

> (e) Items specified in lease--....The lease shall clearly specify the responsibility of each party with respect to the cost of fuel, fuel taxes, empty mileage, permits of all types, tolls, ferries, detention and accessorial services, base plates and licenses, and any unused portion of such items. The lease shall clearly specify who is responsible for loading and unloading the property onto and from the motor vehicle, and the compensation, if any, for this service..... If the authorized carrier is authorized to receive a refund or a credit for base plates purchased by the lessor from, and issued in the name of, the authorized carrier, or if the base plates are authorized to be sold by the authorized carrier to another lessor the authorized carrier shall refund to the initial lessor on whose behalf the base plate was first obtained a prorated share of the amount received.

39. Defendant VFS, Inc. did not comply with 49 C.F.R. §376.12(e).

40. At all times material 49 C.F.R. § 376.12 provided as follows:

> (g) Copies of freight bill or other form of freight documentation. When a lessor's revenue is based on a percentage of the gross revenue for a shipment, the lease must specify that the authorized carrier will give the lessor, before or at the time of settlement, a copy of the rated freight bill or a computer-generated document containing the same information, or, in the case of contract carriers, any other form of documentation actually used for a shipment containing the same information that would appear on a rated freight bill. When a computer-generated document is provided, the lease will permit lessor to view, during normal business hours, a copy of any actual document underlying the computer-generated document. Regardless of the method of compensation, the lease must permit lessor to examine copies of the carrier's tariff or, in the case of contract carriers, other documents from which rates and charges are computed, provided that where rates and charges are computed from a contract of a contract carrier, only those portions of the contract containing the same information that would appear on a rated freight bill need be disclosed. The authorized carrier may delete the names of shippers and consignees shown on the freight bill or other form of documentation.

41. Defendant VFS, Inc. did not comply with 49 C.F.R. § 376.12(g) because, although

each Plaintiffs' revenue was based on a percentage of the gross revenue received by VFS, Inc. for each shipment transported, the leases between each Plaintiff and VFS, Inc. did not specify that VFS, Inc. would give the lessor, before or at the time of settlement, a copy of the rated freight bill or a computer-generated document containing the same information the same information that would appear on a rated freight bill. Additionally, the leases between each Plaintiff and VFS, Inc. did not provide that VFS, Inc. would permit each lessor to view, during normal business hours, a copy of any actual document underlying the computer-generated document.

42. Defendant VFS, Inc. did not comply with 49 C.F.R. § 376.12(g) because it has not provided each Plaintiff with copies of the rated freight bills on the shipments that he transported, or a computer-generated document containing the same information appearing on the rated freight bills.

43. Defendant VFS, Inc. did not comply with 49 C.F.R. § 376.12(g) because it has failed to permit Plaintiffs to examine copies of its tariff and/or other documents from which rates and charges are computed.

44. At all times material 49 C.F.R. § 376.12(j) provided as follows:

> (2) If the lessor purchases any insurance coverage for the operation of the leased equipment from or through the authorized carrier, the lease shall specify that the authorized carrier will provide the lessor with a copy of each policy upon the request of the lessor. Also, where the lessor purchases such insurance in this manner, the lease shall specify that the authorized carrier will provide the lessor with a certificate of insurance for each such policy. Each certificate of insurance shall include the name of the insurer, the policy number, the effective dates of the policy, the amounts and types of coverage, the cost to the lessor for each type of coverage, and the deductible amount for each type of coverage for which the lessor may be liable. (3) The lease shall clearly specify the conditions under which deductions for cargo or property damage may be made from the lessor's settlements. The lease shall further specify that the authorized carrier must provide the lessor with a written explanation and itemization of any deductions for cargo or property damage made from

any compensation of money owed to the lessor. The written explanation and itemization must be delivered to the lessor before any deductions are made.

45. Defendant VFS, Inc. did not comply with 49 C.F.R. § 376.12(j).

46. Under 49 U.S.C. § 14704(a)(1) each Plaintiff is entitled to recover damages from Defendant VFS, Inc. caused by its failure to comply with 49 C.F.R. § 376.12. The Plaintiffs are also entitled to injunctive relief requiring Defendant VFS, Inc. to comply with 49 C.F.R. §376.12.

47. As a result of Defendant VFS, Inc.'s violations of 49 C.F.R. §§ 376.11 and 376.12, each Plaintiff has incurred damages in an amount to be determined at trial, but estimated to be in excess of $500,000.00 for all of the Plaintiffs collectively.

## COUNT TWO - BREACH OF CONTRACT

For Count Two of their Complaint, Plaintiffs reallege those matters set forth in paragraphs one through 1 through 47 above and further state:

48. Defendant VFS, Inc. breached its lease contracts with each Plaintiff which incorporated the provisions specified in 49 C.F.R. § 376.12 as a matter of law.

49. As a result of the breach of the leases by Defendant VFS, Inc., each Plaintiff has incurred damages in an amount to be determined at trial, but estimated to be in excess of $650,000.00 for all of the Plaintiffs collectively.

## COUNT THREE – FRAUD

For Count Three of their Complaint, Plaintiffs reallege those matters set forth in paragraphs one through 1 through 49 above and further state:

50. Throughout the terms of the leases between each Plaintiff and Defendants VFS, Inc., Defendants VFS, Inc., Warren Amundson, and Donna Walraven made false representations to each

Plaintiff, verbally and in writing, concerning the amount of compensation that VFS, Inc. was had received and/or had billed to its customers on shipments transported by each Plaintiff.

51. The false representations made by the Defendants to each Plaintiff concerning the compensation received by Defendant VFS, Inc. on shipments each Plaintiff transported were material because each Plaintiffs' compensation was based on a percentage of the gross revenue received by Defendant VFS, Inc. for the shipments transported by each Plaintiff.

52. The false representations made by the Defendants to each Plaintiff concerning the compensation received by Defendant VFS, Inc. on shipments each Plaintiff transported were susceptible of knowledge by and each Defendant knew the representations were false.

53. The false representations made the Defendants to each Plaintiff concerning the compensation received by Defendant VFS, Inc. on shipments each Plaintiff transported were made with the intent to induce each Plaintiff to continue accept his compensation for each shipment transported and to induce each Plaintiffs to continue transporting shipments for Defendant VFS, Inc.

54. Each Plaintiff was induced by the Defendants' false representations to continue accept his compensation for each shipment transported, and to continue transporting shipments for Defendant VFS, Inc. in reliance upon Defendants false representations.

55. As the proximate result of the false representations by the Defendants, each Plaintiff has incurred damages in an amount to be determined at trial, but estimated to be in excessive of $650,000.00 for all of the Plaintiffs collectively.

**COUNT FOUR – THEFT**

For Count Four of their Complaint, Plaintiffs reallege those matters set forth in paragraphs one through 1 through 55 above and further state:

56. Throughout the terms of the leases between each Plaintiff and Defendant VF S Inc., Defendants Warren Amundson, and Donna M. Walraven prepared or caused to be prepared periodic settlement statements that the Defendants provided to each of the Plaintiffs setting forth each Plaintiff's compensation.

57. In preparing periodic settlement statements Defendants Amundson and Walraven caused the settlement statements to understate the revenue billed by Defendant VFS, Inc. which in turn understated the compensation to which each of the Plaintiffs were entitled.

58. Defendants, acting in concert with each other, understated each Plaintiff's compensation on periodic settlement statements in order to commit acts of theft of funds due to each Plaintiff from Defendant VFS, Inc.

59. As the proximate result of the theft by the Defendants, each Plaintiff has suffered damages in an amount to be determined at trial, but estimated to be in excess of $650,000.00 for all of the Plaintiffs collectively.

## COUNT FIVE – BREACH OF FIDUCIARY DUTY

For Count Five of their Complaint, Plaintiffs reallege those matters set forth in paragraphs one through 1 through 59 above and further state:

60. Throughout the terms of the leases between each Plaintiff and Defendant VFS, Defendants prepared or caused to be prepared periodic settlement statements that the Defendants provided to each of the Plaintiffs setting forth each Plaintiff's compensation.

61. As each Plaintiff's compensation from VFS, Inc. was based upon the charges billed by VFS, Inc. to its customers for shipments transported by each Plaintiff, the Plaintiffs relied upon information reported to them by the Defendants concerning the charges billed by VFS, Inc.

62. Defendants owed Plaintiffs a fiduciary duty to accurately report charges billed by VFS, Inc. to its customers, accurately report each Plaintiff's compensation on settlement statements, and ensure that each Plaintiffs' portion of revenue billed by VFS, Inc. was paid to each Plaintiff.

63. Defendants breached their fiduciary duty to each Plaintiff by failing to ensure that each Plaintiff received accurate reports of charges billed by VFS, Inc. to its customers and accurate reports of each Plaintiff's compensation and by failing to ensure that each Plaintiff's contracted portion of revenue billed and collected by VFS, Inc. was paid to each Plaintiff.

64. As the proximate result of the breach of fiduciary duty by the Defendants, each Plaintiff has suffered damages in an amount to be determined at trial, but estimated to be in excess of $650,000.00 for all of the Plaintiffs collectively.

## JURY TRIAL DEMAND

65. The Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment from the Court as follows:

A. As to Count One awarding each Plaintiffs judgment against Defendant VFS, Inc. for damages for violations of 49 C.F.R. § 376.12 pursuant to 49 U.S.C. § 14704(a)(2), including interest thereon, and a temporary and permanent injunction directing Defendant VFS, Inc. to comply with 49 C.F.R. § 376.12;

B. As to Count Two awarding Plaintiffs judgment against Defendant VFS, Inc. for damages caused by breach of the leases;

C. As to Counts Three, Four and Five, awarding Plaintiffs judgment against Defendants VFS, Inc., Warren Amundson and Donna Walraven, jointly and severally for damages caused by their fraud, theft and breach of fiduciary duty;

D. Awarding Plaintiffs' attorney fees and costs pursuant to 49 U.S.C. § 14704(e).

D.   For such other relief as the Court deems just and equitable.

TAYLOR & ASSOCIATES, LTD.

By: _____ 5/17/2012
Paul O. Taylor (No. 161962)
900 West 128th Street, Suite 104
Burnsville, MN 55337
Tel. No. (651) 454-5800
ATTORNEYS FOR PLAINTIFFS

11